# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Barbara Robertson, having been duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the United States Department of State, Diplomatic Security Service (DSS), and have been so employed for the past 2 years. As part of my official duties, I am assigned to investigate persons who have provided or included false information in an application for a United States Passport.

2. I make this affidavit in support of an arrest warrant and criminal complaint charging Andres BERNABEL CUELLO ("CUELLO"), with aggravated identity theft and making false statements in an application for a United States passport—specifically, using the name and identifying information of Victim 1,[1] in violation of Title 18, United States Code, Sections 1028A and 1542.

3. The information set forth in this affidavit is based on information provided by other agents as well as information gathered through my own investigation. It does not contain all of the information known to me, only that information sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## Statement of Probable Cause

4. On or about January 11, 2023, CUELLO applied for a United States Passport at a United States Postal Office in Roxbury, MA. CUELLO filed the application in the name of Victim 1, providing Victim 1's date and place of birth (xx xx, 1965; xx, Puerto Rico) and Victim 1's Social Security Number (xxx-xx-2511).

5. In support of the application, CUELLO provided a Massachusetts State

---

[1] The name and other personal identifying information of Victim 1 is known to the affiant. It is redacted herein to protect the privacy of the victim.

Identification Card (Sxxxx5156) along with a Puerto Rican Birth Certificate, both in the name of Victim 1. Scans were taken of the materials submitted in support of the application. Based on interviews with the passport acceptance clerks at the post office where CUELLO submitted his application, it is uniform practice that CUELLO would have signed the application (DS-11 # 697374979) in the presence of the clerk, attesting that all the information included was true. It is also uniform practice that CUELLO would have submitted, as required, two copies of a photograph of himself, with one copy being attached to the application, and that the processing clerk would compare the photograph submitted with the person submitting the application to ensure they were the same individual.

6. For the reasons detailed below, CUELLO's January 2023 application was referred to the DSS Boston Field Office ("BFO") due to concerns about the authenticity or validity of the application.

7. In or around November 2019, Victim 1 had executed a U.S. Passport Application (DS-11 # 670506191) at the United States Post Office in Carolina, PR. That application was denied because of concerns raised by an arrest warrant that had been issued by the Waco Police Department in Texas. It was later determined that the Texas warrant did not relate to Victim 1, but instead belonged to a third individual using Victim 1's identity.[2]

8. On or about March 2020, Victim 1 executed a second U.S. Passport Application (DS-11 # 670515458) at the San Juan Passport Agency after filing a hearing request regarding the 2019 denial described above. Victim 1 provided extensive documentation of his identity, to include: a PR Driver's License, a PR Electoral Card, PR Inmate ID, DOJ Release Papers from 2012, a PR District Court Order, PR Voters Registration History, a Social Security card, a PR

---

[2] The target of the arrest warrant is not believed to be CUELLO.

birth certificate, and an Affidavit from his sister. Additionally, as noted above, further checks revealed a booking photo of the individual associated with the warrant from Texas: per the application files, the photo did not resemble Victim 1. Accordingly, Victim 1 was issued a U.S. Passport (No. 657109791) on March 17, 2020.

9.  Victim 1 was interviewed by Diplomatic Security Service (DSS) Task Force Agents on February 15, 2024, in Carolina, PR. During the interview, Victim 1 provided his Puerto Rico driver's license and his U.S. passport as identification. Victim 1 stated that he has not authorized anyone to use his personal identifiable information (PII) and has not misplaced, lost, or sold his identity documents.

10. After the interview of Victim 1, DSS investigators began investigating the use of the Victim 1's identity by others. As part of that investigation, Investigative Specialists identified three FBI numbers corresponding to Victim 1's name, date of birth, and social security number, associated with arrests occurring in California, Puerto Rico, Texas, and Massachusetts.

11. Based on booking photos from 1994 and 2011 for arrests associated with the first FBI Number (483487RB4), investigators determined that the arrest in Puerto Rico was associated with Victim 1.

12. Based on a booking photo for the 1991 arrest in CA associated with the second FBI Number (622988WA3), investigators determined that the arrests in California and Texas were associated with another person using Victim 1's identity, who is not CUELLO.

13. Based on multiple booking photos for MA arrests associated with the third FBI Number (129932CC4), investigators determined that the arrests in Massachusetts were associated with CUELLO.[3] Among those in the victim's name were arrests associated with the

---

[3] Two of these arrests in 1998 were under a different alias known to law enforcement.

following cases:

    a. Dkt. No. 1585CR00032 (Worcester Super. Ct.) (2015)

    b. Dkt. No. 1218CR003392 (Lawrence Dist. Ct.) (2012)

    c. Dkt. No. 1185CR00698 (Worcester Super. Ct.) (2011)

    d. Dkt. No. 1163CR000115 (Gardner Dist. Ct.) (2011)

    e. Dkt. No. 0616CR0330 (Fitchburg Dist. Ct.) (2006)

    f. Dkt. No. 0585CR00884 (Worcester Super. Ct.) (2005)

    g. Dkt. No. 0516CR000024 (Fitchburg Dist. Ct.) (2005)

    h. Dkt. No. 0448CR1324 (Ayer Dist. Ct.) (2004)

    i. Dkt. No. 0416CR0220 (Fitchburg Dist. Ct.) (2004)

    j. Dkt. No. 0370CR0308 (Winchendon Dist. Ct.) (2003)

    k. Dkt. No. 0318CR004488 (Lawrence Dist. Ct.) (2003)

    l. Dkt. No. 0316CR000912 (Fitchburg Dist. Ct.) (2003)

    m. Dkt. No. 0263CR002658 (Gardner Dist. Ct.) (2002)

    n. Dkt. No. 0216CR002180 (Fitchburg Dist. Ct.) (2002)

    o. Dkt. No. 0216CR001423 (Fitchburg Dist. Ct.) (2002)

14. In addition, CUELLO was again arrested in 2016 for Possession and Distribution of a Class A Drug. Photographs from this most recent arrest resemble the photograph of CUELLO submitted with the passport application in January 2023.

15. On January 17, 2025, DSS requested that authorities located in the Dominican Republic help identify CUELLO's true identity. To aid in that request, law enforcement provided fingerprints and photographs from the Massachusetts arrests in 2003 and 2006. On February 20, 2025, authorities in Santo Domingo reported that search results came back to

CUELLO, YOB 1966, who had been born in the Dominican Republic. Those authorities provided further documentation, including:

    a. A Dominican Republic Birth Certificate for CUELLO; and

    b. A "Ficha Biometrica" with fingerprints and a picture resembling CUELLO.

16. On March 10 and April 16, 2025, I submitted all fingerprint records associated with the FBI number associated with each of CUELLO's Massachusetts arrests, *see supra* ¶¶ 13-14, and the fingerprints provided by authorities in Santo Domingo, to the Worcester Police Department, Forensic Services Section, for a comparison. The results confirmed that each set of record prints, and the Cedula fingerprints for CUELLO provided by Dominican authorities, all come from the same source: CUELLO.

17. Having confirmed that CUELLO was arrested and charged in Massachusetts multiple times using Victim 1's identity, investigators also conducted a phone and in-person interview of CUELLO's former partner, with whom he shares a daughter. She told investigators that although she never met CUELLO's family, he had told her that he was from the Dominican Republic, and that his family is located there.

18. In sum, according to official documents—including photographs and fingerprints—provided by the Dominican Republic, CUELLO is a Dominican national. Those photographs and fingerprints match photographs and fingerprints of multiple Massachusetts arrests under Victim 1's name, birthday, and social security number. Photographs—both from the Dominican Republic and the Massachusetts arrests—resemble the photograph associated with U.S. Passport application submitted on or about January 11, 2023, at the United States Postal Office in Roxbury, MA, in Victim 1's name.

**Conclusion**

19.     Based on the preceding information, I believe that probable cause exists to conclude that Andres BERNABEL CUELLO, using Victim 1's identity and personal identifying information, did, on or about January 11, 2023, willfully and knowingly make false statements in an application for a United States passport with intent to induce or secure issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, and in the course of doing so, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, all in violation of 18 U.S.C. §§ 1542, 1028A.

*Barbara Robertson*
Barbara Robertson
Special Agent
U.S. Department of State
Diplomatic Security Service

9:47 a.m.

By telephone in accordance with Fed. R. Crim. P. 4.1
~~Subscribed and~~ sworn to before me, this
__24th__ day of June 2025 at Boston, MA.

_____
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE